UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS VIDAL,

        Plaintiff,

   v.                                         Case No. 21-cv-0069-bhl

STATE OF WISCONSIN, et al.,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS

On January 14, 2021, Plaintiff Dennis Vidal, acting without a lawyer, filed a complaint against the State of Wisconsin, the Wisconsin Department of Children & Families, and John and Jane Doe Defendants. ECF No. 1. He claims Defendants deprived him of his civil rights under 42 U.S.C. §1983, conspired against him under 42 U.S.C. §1985, and violated the False Claims Act, 31 U.S.C. §3729(a). *Id.* at 10–13. On February 15, 2021, the Wisconsin Department of Children & Families (DCF) filed a motion to dismiss Vidal's complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 3. When Vidal failed to respond to the motion, the Court ordered him to show cause in writing for his failure to respond. ECF No. 5. And when Vidal failed to respond timely to the order to show cause, the Court dismissed the case for failure to prosecute and entered judgment for Defendants. ECF Nos. 6, 7. The day of the dismissal order, Vidal filed a late opposition to the motion to dismiss and asked the Court to consider his response as timely. ECF Nos. 8 & 10. A week later he moved to reopen the case. ECF. No. 11. The Court granted Vidal's motion to reopen and vacated its prior orders. ECF No. 12. DCF then filed a reply brief, completing briefing on its motion. ECF Nos. 8, 13. For the reasons given below, the Court will now grant the motion to dismiss. Because this is the first dismissal order addressing the substance of Vidal's allegations, the Court will, however, allow him an opportunity to amend his complaint to remedy the defects in pleading. If he wishes to try to continue the case, he must file an amended complaint within 14 days of the date of this order, addressing the pleading failures identified below.

# FACTUAL BACKGROUND[1]

Dennis Vidal, a Wisconsin resident, is the biological father of minors J.V. and S.V. ECF No. 1 at 4. The minors' biological mother is deceased. *Id.* After the mother's death, Defendants used false and fabricated pretenses to unlawfully remove J.V. and S.V. from Vidal's care, custody, and control and placed them in foster care. *Id.* The separation from their biological father is psychologically scarring the minors. *Id.* John and Jane Doe Defendants have engaged in unjustifiable actions against Vidal and have been deliberately indifferent to his rights. *Id.* at 5.

# LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts*, 817 F.3d at 564–65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

# ANALYSIS

The facts in Vidal's complaint are sparse. Even worse, the arguments in his opposition brief do not respond to the substance of DCF's motion to dismiss. Generally, challenges to state family law matters must be raised in state court. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693–95 (1992) (discussing the "domestic relations exception" to federal jurisdiction). It is likely that this exception to federal jurisdiction dooms Vidal's federal court lawsuit. The Court need not reach that issue, however, because the substance of Defendants' arguments defeats Vidal's efforts to state a claim against these Defendants. Accordingly, their motion to dismiss will be granted.

Vidal first claim is that Defendants violated Section 1983. A basic problem with this claim is that two of the named Defendants are the State of Wisconsin itself and one the state's agencies, the DCF, and it has long been established that "neither a State nor its officials acting in their official capacities are 'persons' [who can be held liable] under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ryan v. Ill. Dep't of Child. & Fam. Servs.*, 185 F.3d

---

[1] The Factual Background is derived from Vidal's complaint, the allegations in which are presumed true for purposes of DCF's motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

751, 758 (7th Cir. 1999) ("[I]t is well established that . . . a state agency . . . is [not] a 'person' for purposes of [Section] 1983."). Accordingly, Vidal cannot attempt to hold the State of Wisconsin or the DCF liable for alleged civil rights violations.

Vidal's attempts to assert Section 1983 claims against the John and Jane Doe Defendants also fail, but for different reasons. Vidal does not say whether he is suing the John and Jane Doe Defendants in their official or personal capacities. To the extent he seeks to sue unknown state actors in their *official capacities*, his claims are barred because state officers acting in such a capacity are not "persons" with the meaning of Section 1983. *See Will*, 491 U.S. at 71. To the extent Vidal brings claims against them in their *individual capacities*, he does not assert facts sufficient to plausibly allege that any specific individual was personally involved in a Section 1983 violation. To state a claim under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. But other than generically naming the John and Jane Doe Defendants, Vidal does not allege any specific action by any specific, yet-to-be-identified individual whom he claims violated his rights. This is insufficient. Section 1983 requires a plaintiff to "'provide some specific facts'" about the alleged defendant's personal involvement. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Vidal's allegations are entirely conclusory. He simply alleges that the John and Jane Doe Defendants "used false and fabricated pretenses to unlawfully remove [Vidal's] [children] from his care," are "individually involved in unjustifiable actions against the Plaintiff," and are "deliberately indifferent to the rights of the Plaintiff." ECF No. 1 at 4–5. These assertions do not include specific facts presenting a clear story about any individual state actor's personal involvement in any alleged deprivation of Vidal's rights. They do not plausibly allege a Constitutional violation and therefore fail as a matter of law.

Vidal's conspiracy claims under Section 1985 are similarly defective. "[A] conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). All Defendants appear to be members of the same entity—the State of Wisconsin. The state cannot conspire with itself. Moreover, even if the Court construes Vidal's claim as referring to a conspiracy between the individual John and Jane Doe

Defendants in their personal capacities, Vidal still does not state a valid conspiracy claim. "'A plaintiff raising a claim under Section 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.'" *Gunawardana v. Am. Veterinary Med. Ass'n*, 515 F. Supp. 3d 892, 910–11 (S.D. Ill. 2021) (quoting *Majeske v. Fraternal Ord. of Police, Loc. Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996)). "To make the showing required by [Section] 1985 that [the] [d]efendants had the purpose of denying equal protection, [the] [p]laintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *Tillman v. Burge*, 813 F. Supp. 2d 946, 977 (N.D. Ill. 2011) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Vidal does not identify or allege any discriminatory animus. Even if he did, any allegation that the John and Jane Doe Defendants *personally* acted to remove Vidal's children from his custody would be purely speculative. *See McCauley*, 671 F.3d at 616.

Finally, Vidal's False Claims Act allegations are also insufficient to support a claim for relief. "An FCA claim under [Section] 3729(a)(2) has three essential elements: (1) the defendant made a statement in order to receive money from the government, (2) the statement was false, and (3) the defendant knew it was false." *U.S. ex rel. Gross v. AIDS Rsch. All.-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). Vidal has not pleaded any of these elements.

As noted above, this is the first dismissal order addressing the substance of Vidal's allegations. The Seventh Circuit has cautioned that plaintiffs must normally be allowed at least one chance to fix an inadequately pleaded complaint. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because the Court cannot conclude that an amendment to Vidal's complaint would be futile or otherwise unwarranted, *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015), it will allow him 14 days to file an amended complaint if he chooses to try to proceed.

## CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that DCF's motion to dismiss, ECF No. 3, is **GRANTED**. The complaint is **DISMISSED** as to all Defendants.

**IT IS FURTHER ORDERED** that within 14 days of the date of this order, Plaintiff may file an amended complaint curing the defects in the original complaint as described in this decision. If Plaintiff does not file an amended complaint or explain why he is unable to do so by the deadline, the Court will dismiss this action based on Plaintiff's failure to state a claim in the original complaint.

Dated at Milwaukee, Wisconsin on September 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge